IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WARREN ANDERSON JR., | ) | 8:10CV13 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OMAHA POLICE DEPARTMENT, | ) | |
| CRAIG WYLIE, CHRIS DUFFEK, | ) | |
| and BAGGETT, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on January 12, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### *I. SUMMARY OF COMPLAINT*

Plaintiff filed his Complaint on January 12, 2010, against the Omaha Police Department ("OPD") and three individual police officers: Craig Wylie ("Wylie"), Chris Duffek ("Duffeck") and Baggett ("Baggett"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in the Douglas County Jail in Omaha, Nebraska. (*Id*. at CM/ECF pp. 1-2.)

Condensed and summarized, Plaintiff alleges that Wylie, Duffek and Baggett illegally strip-searched and arrested him during a traffic stop on April 29, 2008. (*Id*. at CM/ECF pp. 5-6, 7.) After this search and arrest, Plaintiff was illegally incarcerated. (*Id*. at CM/ECF pp. 5-7.) As best as the court can tell, Plaintiff remains incarcerated, but he alleges that he received a letter stating the charges against him

have been dismissed. (*Id*. at CM/ECF p. 6.) Plaintiff seeks monetary damages in the amount of $1,200,000.00. (*Id*. at CM/ECF pp. 7-8.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

**A.    Plaintiff's Claims Against OPD**

Plaintiff names OPD as a Defendant in this matter. (Filing No. 1 at CM/ECF p. 1.) The court liberally construes claims against OPD as claims against the City of Omaha, Nebraska. As a municipal defendant, the City of Omaha may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

1)   The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)   Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)   That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by the City of Omaha's employees, or that the City of Omaha's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injures. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against the City of Omaha across the line from conceivable to plausible under the *Jane Doe* standard. Plaintiff's claims against OPD are therefore dismissed.

### B. Plaintiff's Claims Against Wylie, Duffek and Baggett

#### 1. *Fourth Amendment Traffic Stop Claim*

The court liberally construes Plaintiff's Complaint to allege that Wylie, Duffek and Baggett illegally arrested him during a traffic stop in violation of the Fourth Amendment. The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. "A traffic stop constitutes a seizure of the vehicle's occupants, including any passengers." *United States v. Sanchez*, 572 F.3d 475, 478 (8th Cir. 2009) (citing *Brendlin v. California*, 551 U.S. 249, 255-57 (2007)). "To be reasonable, the stop must be supported by at least 'reasonable suspicion to believe that criminal activity may be afoot.'" *Id*. (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)). After an officer stops a vehicle, she may question an occupant if she has a reasonable, articulable suspicion that the occupant is engaged in criminal activity. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968); *United States v. Long*, 320 F.3d 795, 800 (8th Cir. 2003) (stating that investigative detention "can grow out of a traffic stop so long as the officer has reasonable suspicion to expand his investigation").

Here, Plaintiff does not allege that Wylie, Duffek and Baggett did not have a reasonable suspicion to stop or question him. (Filing No. 1 at CM/ECF p. 4.) Rather,

-4-

he simply states that he was illegally arrested. (*Id*.) This allegation, without more, does not allow the court to draw the reasonable inference that Wylie, Duffek and Baggett somehow violated the Fourth Amendment by stopping Plaintiff.

However, on its own motion, the court will grant Plaintiff 30 days to amend his Complaint to sufficiently allege a Fourth Amendment traffic stop claim against Wylie, Duffek and Baggett. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Fourth Amendment claims related to the traffic stop against Wylie, Duffek and Baggett will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### 2. *Unreasonable Strip-Search Claims*

The court also liberally construes Plaintiff's Complaint to allege that Wylie, Duffek and Baggett unreasonably strip-searched him in violation of the Fourth Amendment. "The Fourth Amendment reasonableness of a strip-search turns on 'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'" *Richmond v. Brooklyn Center*, 490 F.3d 1002, 1006 (8th Cir. 2007) (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)).

Here, Plaintiff does not describe the scope of the strip search, the manner of the search or the location of the search. In addition, he fails to explain why the officers conducted the search. Again, Plaintiff's allegations, without more, are not sufficient for the court to infer that Wylie, Duffek and Baggett unreasonably strip-searched him.

However, like Plaintiff's Fourth Amendment traffic stop claim, the court will grant Plaintiff 30 days to amend his Complaint to sufficiently allege an unreasonable strip-search claim against Wylie, Duffek and Baggett. Again, any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's unreasonable strip-search claim against Wylie, Duffek and Baggett will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against OPD are dismissed without prejudice.

2. Plaintiff shall have until **April 16, 2010**, to amend his Complaint and clearly state a claim upon which relief may be granted against Wylie, Duffek and Baggett, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Wylie, Duffek and Baggett will be dismissed without further notice for failure to state a claim upon which relief may be granted.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **April 16, 2010**, and dismiss if none filed.

5.   Plaintiff shall keep the court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

DATED this 16th day of March, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.